ROBERT F. EPSTEIN (SBN 154373)
RAGGHIANTI FREITAS
A Limited Liability Partnership
874 Fourth Street, Suite D
San Rafael, CA 94901
Telephone: (415) 453-9433
Facsimile (415) 453-8269

Attorneys for Plaintiffs
GERRY RAMSEY and CAROLE RAMSEY

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY RAMSEY and CAROLE RAMSEY,<br><br>        Plaintiffs,<br><br>   vs.<br><br>RITE AID CORPORATION, JAMES FOSTER STRENKOFSKY, and DOES 2 to 20, inclusive,<br><br>        Defendants. | Case No. C 05-02167<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR NEGLIGENCE AND LOSS OF CONSORTIUM** |

Plaintiffs GERRY RAMSEY and CAROLE RAMSEY allege as follows:

1.      Plaintiffs are, and at all times herein mentioned were, residents of the County of Contra Costa in the State of California. Plaintiffs are, and at all times mentioned herein were, husband and wife.

2.      Plaintiffs are informed and believe, and on such basis allege, that defendant RITE AID CORPORATION is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Pennsylvania and is and was doing business in its store located at 471 Third Street, San Rafael, Marin

1
FIRST AMENDED COMPLAINT FOR DAMAGES FOR NEGLIGENCE AND LOSS OF CONSORTIUM

County, California.

3.  Defendant RITE AID CORPORATION is, and at all times herein mentioned was, in the business of compounding prescriptions and dispensing at its retail stores such prescriptions and other medical drugs.

4.  Defendant JAMES FOSTER STRENKOFSKY is, and at all times herein mentioned was, a pharmacist duly licensed to practice his profession in the State of California, and a resident of the County of Marin, State of California.

5.  Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 2 to 20, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe and based thereon allege, that each of the fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and that plaintiffs' injuries as herein alleged were proximately caused by that negligence.

6.  Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the defendants was the agent or employee of the other defendants and acting within the course and scope of such agency or employment with the permission and consent of the other defendants.

7.  On December 27, 2004, plaintiffs, pursuant to the provisions of Section 364 of the Code of Civil Procedure, caused to be served on defendants a notice of plaintiffs' intention to commence this action.  A copy of the notice is attached hereto as Exhibit A and made a part hereof.

### FIRST CAUSE OF ACTION
(Negligence)

8.  Plaintiffs reallege and incorporate paragraphs 1 through 8 of this Complaint as though fully set forth herein.

9.  On or about July 19, 2004, plaintiff GERRY RAMSEY was under the care of Dr. David Ogden, who is, and at all times mentioned herein was, a medical doctor

duly licensed to practice his profession in California.

10. On or about July 19, 2004, Dr. Ogden prescribed certain medical drugs for plaintiff GERRY RAMSEY, specifically generic Prozac, also known as Fluoxetine.

11. Because defendants were engaged in the sale of prescription drugs to the general public, and were engaged in the filling of prescriptions for drugs for the general public, they owed a duty to the general public and to plaintiffs in particular to use reasonable care to see that the prescriptions for drugs were filled so as to be fit for human use.

12. On or about July 19, 2004, defendants negligently prepared a Fluoxetine prescription for plaintiff GERRY RAMSEY.  Defendants placed a label on the container for the drug intended for plaintiff GERRY RAMSEY that identified the drug as Fluoxetine.  However, instead of filling the container with Fluoxetine, defendants negligently filled the container with Fluphenazine, a dangerous and toxic narcoleptic drug intended solely for use in treating severe schizophrenia, a condition that plaintiff GERRY RAMSEY does not have.

13. On or about July 20, 2004 and July 21, 2004, reasonably relying on the label and pursuant to the directions stated on the label, plaintiff GERRY RAMSEY consumed at least two tablets from the container.

14. As a proximate result of the negligence of defendants, and each of them, plaintiff GERRY RAMSEY was hurt and injured in his health, strength, and activity sustaining injury to his brain, nervous system and person, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and suffering.  Plaintiff GERRY RAMSEY is informed and believes and thereon alleges that such injuries will result in some permanent disability to him.  As a result of such injuries, plaintiff GERRY RAMSEY has suffered general damages according to proof.

15. As a further proximate result of defendants' negligence herein alleged, plaintiff GERRY RAMSEY has been damaged in that he has been required to expend money and incur obligations, for medical services, X-rays, drugs, and sundries

FIRST AMENDED COMPLAINT FOR DAMAGES FOR NEGLIGENCE AND LOSS OF CONSORTIUM

reasonably required in the treatment and relief of the injuries herein alleged.

16. As a further proximate result of the negligence of defendants and each of them, plaintiff GERRY RAMSEY has been prevented from attending to his usual occupation and thereby has lost earnings to his damage according to proof.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## SECOND CAUSE OF ACTION
### (Loss of Consortium)

17. Plaintiffs reallege and incorporate paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. Prior to suffering the injuries alleged above, plaintiff GERRY RAMSEY was able to and did perform his duties as a spouse. Subsequent to the injuries and as a proximate result thereof, plaintiff GERRY RAMSEY has been unable to perform his necessary duties as a spouse. Plaintiff GERRY RAMSEY will be unable to perform such work, services, and duties in the future. By reason thereof, plaintiff CAROLE RAMSEY has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of her spouse's necessary duties, all to plaintiff CAROLE RAMSEY's damage.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For loss of earnings according to proof;
4. For costs of suit herein incurred; and
5. For such other and further relief as the Court may deem proper.

///

///

| | | |
|---|---|---|
| 1 | DATED: August 3, 2005 | RAGGHIANTI  FREITAS  LLP |
| 2 | | |
| 3 | | By:  /s/ Robert F. Epstein_____ |
| 4 | | Robert F. Epstein |
| 5 | | Attorneys for Plaintiffs<br>GERRY RAMSEY and CAROLE RAMSEY |

FIRST AMENDED COMPLAINT FOR DAMAGES FOR NEGLIGENCE AND LOSS OF CONSORTIUM